IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUIS E. SWEENEY, )<br>)<br>      **Plaintiff,** )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>TENNESSEE DEPARTMENT OF )<br>OF SAFETY, )<br>)<br>      **Defendants.** ) | **CASE NO. 1:09-00006**<br>**JUDGE ECHOLS/KNOWLES** |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed his Complaint in this action on February 2, 2009. Docket No. 1. Plaintiff alleged that Defendant had discriminated against him and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also raised claims under 42 U.S.C. §§ 1981, 1983, and the Tennessee Human Rights Act, T.C.A. Section 4-21-401 *et seq.* Docket No. 1. The same day Plaintiff filed the Complaint, the Clerk of this Court issued a Summons for Defendant. Docket No. 1-1.

On June 9, 2009, the undersigned entered an Order noting that Plaintiff had failed to serve Defendant within 120 days after the filing of the Complaint, as required by Fed. R. Civ. P. 4(m). Docket No. 3. That Order quoted the provisions of Rule 4(m), and required Plaintiff to file a written statement, within twenty (20) days of the entry of the Order, showing good cause for his failure to serve Defendant within 120 days after the filing of the Complaint. The undersigned's Order stated, "If Plaintiff fails to comply with the provisions of this Order, the

undersigned will recommend that this action be dismissed without prejudice." *Id.*

On July 1, 2009, twenty-two (22) days after the entry of the referenced Order, the Clerk received and filed an undated letter from Plaintiff addressed to the undersigned. The first sentence of Plaintiff's letter states, "I am writing you this letter to inform you of the reason why I haven't served this complaint." Docket No. 5, p. 1.

Plaintiff's letter, however, proceeds to discuss the merits of his claim against Defendant. Plaintiff refers to the fact that he was previously represented by counsel with regard to his claims against Defendant, but that on January 28, 2009, he received a letter from his counsel advising him that his counsel was "declining to represent [him] further in this matter." Docket No. 5, p. 1. His former counsel, however, also stated, "I have prepared the necessary documents with filing instructions attached for you to file a pro se cause of action in Middle Tennessee District Court before the EEOC deadline." *Id*. Plaintiff continues as follows:

> On February 02, 2009, I hastily filed this complaint with United States District Court without legal representation. I felt at the time, pressured.
>
> On February 06, 2009, after talking to Attorney Perry Craft, and after paying a retainer fee of $500.00, I was advised of the inconsistencies written in my complaint prepared by Mr. McQuirter. *I asked Mr. Craft to assist me in dismissing this complaint*.
>
> . . .
>
> In May of 2009, I went back to the EEOC and had filed a complaint of retaliation. The evidence that the EEOC had said that I didn't have, they have it now [*sic*]. Action has been taken against me.
>
> In closing, the stand that I am trying to take isn't just about me. It's about everyone's rights. No one should have to be subjected to what I have gone through as a result of wanting to run for an

2

> office and especially as a result of an unwritten policy, a policy that doesn't exist. Either it is or it isn't!
>
> I'm asking your honor to allow me some more time so that my new charge could be investigated and resolved. Hopefully, I won't have to go any further. In any event, at this point & time, I don't know anyone else that I can rely upon. I am relying upon your judgment.

*Id.*, p. 1-2.

It is readily apparent that Plaintiff has failed to comply with the Court's previous Order. He has shown no good cause, at least insofar as the undersigned can determine, for failing to serve Defendant with a copy of the Summons and Complaint in this action. Moreover, it appears that he hired a second attorney "to assist [him] in dismissing this complaint." Finally, he seeks additional time so that his "new charge could be investigated and resolved." The fact that Plaintiff has a potentially new claim against Defendant, however, does not explain Plaintiff's failure to serve Defendant with the Summons and Complaint in this action within 120 days of the filing of the Complaint.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S.

3

1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge