```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      COLUMBIA DIVISION
```

LUIS E. SWEENEY,                    )
                                    )
     Plaintiff,                     )
v.                                  )   No. 1:09-0006
                                    )   JUDGE ECHOLS
TENNESSEE DEPARTMENT OF SAFETY,     )
                                    )
     Defendant.                     )

## ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on July 13, 2009 (Docket Entry No. 6), to which Plaintiff Luis E. Sweeney did not file any objections.

Plaintiff is an African American Tennessee State Trooper who brought this lawsuit *pro se* on February 2, 2009, seeking relief for alleged unlawful race discrimination and retaliation in employment. On June 10, 2009, the Magistrate Judge entered an Order directing Plaintiff to show good cause within 20 days for his failure to serve the Defendant within 120 days after filing the Complaint. The Order specifically stated: "If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice." (Docket Entry No. 3.)

In a letter filed on July 1, 2009 (Docket Entry No. 5), Plaintiff responded to the Order and explained that he had initially retained an attorney to assist him, but the attorney

1

declined further representation after the Equal Employment Opportunity Commission ("EEOC") issued its decision on Plaintiff's administrative charge in favor of the Defendant finding that racial discrimination or retaliation had not occurred. However, the attorney prepared a Complaint for Plaintiff to file *pro se*, and Plaintiff hastily filed it under pressure to meet the EEOC filing deadline. Thereafter, Plaintiff retained another attorney who pointed out to Plaintiff inconsistencies in his Complaint, and Plaintiff asked the second attorney to assist him in dismissing the Complaint. In May 2009, Plaintiff filed a new charge of retaliation with the EEOC. Plaintiff asked the Magistrate Judge for additional time so that his new charge could be investigated and resolved and "[h]opefully, I won't have to go any further." (Docket Entry No. 5 at 2.) Plaintiff stated he did not have anyone else to rely on, and he was relying upon the Magistrate Judge's judgment.

The Magistrate Judge noted that Plaintiff's letter response to the Order was two days late, Plaintiff failed to show good cause for failing to complete service of process, and the fact that Plaintiff filed a new EEOC charge raising a potentially new claim against the Defendant did not explain Plaintiff's failure to serve the Defendant within 120 days of filing the Complaint. For these reasons, the Magistrate Judge recommended dismissal of the Complaint without prejudice. Plaintiff did not file any

2

objections, even though he was informed that he had 10 days within which to do so.

In reviewing an R&R, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Having carefully reviewed the record in this case, the Court finds that no error of fact or law appears in the R&R.  Accordingly,

(1) the R&R of the Magistrate Judge (Docket Entry No. 6) is hereby ACCEPTED;

(2) the case is hereby DISMISSED WITHOUT PREJUDICE for failure to complete service of process in accordance with Federal Rule of Civil Procedure 4(m); and

(3) entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3

Case 1:09-cv-00006   Document 8   Filed 08/29/09   Page 3 of 3 PageID #: 23